Jeanne BIGGS, et al., Plaintiffs,

v.

**EAGLEWOOD MORTGAGE LLC, et al., Defendants.**

**Civil No. PJM 07–2768.**

United States District Court, D. Maryland.

Jan. 5, 2009.

Mary Elizabeth Goulet, Whitham Curtis Christofferson and Cook PC, Reston, VA, for Plaintiffs.

Richard L. Miller, Monshower Miller and Magrogan LLP, Columbia, MD, Glenn A. Cline, Ballard Spahr Andrews and Ingersoll LLP, Baltimore, MD, Daniel S. Willard, Law Offices of Daniel S. Willard, PC, Rockville, MD, for Defendants.

## SUPPLEMENTAL OPINION

PETER J. MESSITTE, District Judge.

Plaintiffs Jeanne and Charles Biggs ("the Biggs") allege that Defendants Eaglewood Mortgage, LLC and Countrywide Bank N.A.,[1] individually and as co-conspirators, engaged in a mortgage scheme with the intent to defraud them. After Countrywide filed a Motion to Dismiss or, in the Alternative, for Summary Judgment as to all claims, the Biggs filed motions seeking summary judgment in their favor on their racketeering and conversion claims. On September 17, 2008, the Court issued an Opinion and Order granting in part and mooting in part Countrywide's Motion to Dismiss; granting in part and mooting in part its Motion for Summary Judgment; and denying the Biggs' Cross–Motions for Summary Judgment. The Biggs have now filed a Motion to Alter/Amendment Judgment under Federal Rule of Civil Procedure 59(e). For the following reasons, the Motion is **DENIED.**

### I.

In their Amended Complaint, the Biggs asserted that in 2004, Countrywide, through its agents and/or co-conspirators, made false statements to induce them to execute loan documents converting their 5.25% fixed-rate home mortgage with Chase Manhattan Mortgage Corporation into a payment option adjustable rate mortgage ("ARM") with Countrywide, and that in 2006 Countrywide induced them to refinance through yet another payment option ARM.[2] The Biggs claimed that these payment option ARMs contained various high risk features which were inappropriate for them, an elderly retired couple.

---

1. Since this litigation began, Countrywide has been taken over by Bank of America. For the sake of convenience, Countrywide will continue to be referred to as "Countrywide."

2. A full recitation of the facts of the case is set forth in the Court's prior Opinion. *See Biggs v. Eaglewood Mortgage LLC,* 582 F.Supp.2d 707 (D.Md.2008).

They further alleged that, by offering loans with these features, Defendants intended the Biggs' loan principal to increase substantially over time, at which time they would either be in default and subject to foreclosure or, if they could afford the inflated payment, their modest monthly income would be depleted.

Against this background, the Biggs submitted that Countrywide was liable to them for compensatory and punitive damages based on several causes of action. The Court, however, granted Countrywide's Motion for Summary Judgment as to Count I, and its Motion to Dismiss as to Counts II, III, IV, V and VI. The Court dismissed Count VII *sua sponte.* Only Count I–Violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.* remains and only as applied to Eaglewood Mortgage, LLC,

## II.

The Court considers the Biggs' Motion to Alter/Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e).[3] The Biggs allege that the Court improperly granted Countrywide's Motion for Summary Judgment as to Count I based on its mistaken view that the Biggs were required to prove reliance as an element of their claim. They argue that under the Supreme Court's decision in *Bridge v. Phoenix Bond & Idem. Co.,* —— U.S. ——, 128 S.Ct. 2131, 170 L.Ed.2d 1012 (2008), reliance is no longer a required element in a RICO claim predicated on mail fraud. Therefore, they say, the Court's ruling needs to be amended to comport with *Bridge.* Further, they claim that the Court, in disposing of Counts I, III, IV and V, improperly resolved questions of fact against them in violation of the summary judgment standard requiring resolu-

tion of all facts in favor of the non-moving party.

Countrywide, in response, argues that *Bridge* did not eliminate the reliance element in a RICO case predicated on mail fraud; it simply eliminated first-party reliance requirement in cases where a third party was affected by the fraud. Consequently, Countrywide argues that *Bridge* does not contradict the Court's finding that Countrywide was entitled to summary judgment as to Count I because the Biggs, as a matter of law, failed to prove the necessary element of reliance. As to the remaining counts, Countrywide argues that the Court did not base its Opinion on improper inferences and that the record clearly supports the Court's conclusions.

## III.

The Court agrees with Countrywide that *Bridge* did not eliminate reliance as an element of a RICO claim predicated on mail fraud. The Supreme Court was presented with a situation where the plaintiffs themselves had not received or relied upon misrepresentations made by defendants, but had relied on misrepresentations defendants made to others. *See Bridge,* 128 S.Ct. at 2139. What the Court held was that, even though plaintiffs had not themselves relied on the misrepresentations made by defendants, they properly asserted a claim because first-party reliance is not a required element of a RICO claim predicated on mail fraud. *See Id.* at 2145. The Court was careful to note, however, that "none of this is to say that a RICO plaintiff who alleges injury by reason of a pattern of mail fraud can prevail without showing that *someone* relied on the defendant's misrepresentations." *Id.* at 2144 (internal quotations omitted). The Court stressed that a misrepresentation cannot cause harm unless it is relied upon. *Id.* at

---

**3.** Because the court did not enter judgment in its earlier ruling, the Motion is timely filed.

2143, fn. 6 ("Of course, a misrepresentation can cause harm only if a recipient of the misrepresentation relies on it.").

The present case is therefore clearly distinguishable from *Bridge,* because here the Biggs claim that Countrywide directly misled them and that they, in fact, relied on those misrepresentations. *See* Amended Complaint at ¶¶ 30, 40, 51, 52, 74, 84 & 130.

 Other courts examining this issue since *Bridge* are in accord, holding that where plaintiffs allege their own first-party reliance in a RICO case predicated on mail fraud, reliance must still be proven as an element of the claim. *See e.g. Dungan v. Academy at Ivy Ridge,* No. 06–CV–0908, 2008 WL 2827713 at *3 (N.D.N.Y. July 21, 2008) ("While this Court acknowledges the rule enunciated in *Bridge,* the problem for Plaintiffs is that they *do* allege that they relied on Defendant's claimed misrepresentations and that it was this first-person reliance that caused them to sustain damages ... [a]ccordingly, reliance continues to be a predominant issue ..."); *G & G TIC, LLC v. Alabama Controls, Inc.,* No. 4:07–CV–162, 2008 WL 4457876 at *4 (M.D.Ga. Sept. 29, 2008) (in granting motion to dismiss RICO counts based on mail and wire fraud, the court stated that while *Bridge* eliminated the first party reliance requirement, the plaintiff must still show that "it was injured as a direct result of the fraud" and that "someone relied upon a misrepresentation made by the defendants and that the reliance directly caused harm to the plaintiff.").

 This Court previously found, given the undeniable facts in this case, that the Biggs failed to raise a genuine issue of material fact that they relied to their detriment on any representation made by Countrywide. Since *Bridge* did not eliminate the necessity of proving reliance in a situation where parties allege, as part of a RICO case predicated on mail fraud, that

they personally relied upon purported misrepresentations, the Court properly granted Countrywide's Motion for Summary Judgment as to this issue.

### IV.

As to the remaining arguments that the Court improperly relied on factual inferences in resolving Counts I, III, IV and V in favor of Countrywide, the Biggs fail to point to any mistake or new information which would necessitate amending the Court's prior Order. The Court is satisfied that its rationale in ruling upon those Counts remains intact.

### V.

For the foregoing reasons, the Court **DENIES the Biggs' Motion to Alter/Amend Judgment.**

A separate order will **ISSUE.**

### *ORDER*

Upon consideration of Plaintiffs Biggs' Motion to Alter/Amend Judgment [Paper No. 112], it is for the reasons set forth in the accompanying Supplemental Opinion this 5th day of January, 2009

**ORDERED:**

1) Plaintiffs' Motion to Alter/Amend Judgment [Paper No. 112] is **DENIED;** and

2) Count I (Violation of the RICO Act) remains as against Defendant Eaglewood Mortgage, LLC.